**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**COVINGTON**

**CRIMINAL ACTION NO. 22-41-DCR**

**UNITED STATES OF AMERICA**                                                              **PLAINTIFF**

**V.**                        **UNITED STATES' SENTENCING MEMORANDUM**

**TIMOTHY NOBLE**                                                                          **DEFENDANT**

\*     \*     \*     \*     \*

The United States submits the following Sentencing Memorandum.   [R. 41:

Sentencing Order.]   The United States recommends a sentence of imprisonment above

the Guidelines range and three years of supervised release.

I.   **Factual Background and Procedural History**

On April 17, 2022, the Defendant contacted an individual in Florence (the

"Florence Victim") about a 2004 Chevrolet Avalanche (the "Vehicle") advertised for

sale.[1]   [PSR ¶ 8.]   Later that day, the Defendant passed 47 $100 bills to purchase the

Vehicle.   [*Id.* ¶ 9.]   After the Defendant had driven away in the Vehicle, the Florence

Victim determined that 41 of the bills were counterfeit.   [*Id.* ¶ 10.]

Two weeks later, the Defendant fraudulently purchased a trailer from an individual

in Clermont County, Ohio with counterfeit bills and the aid of the Vehicle's towing

---

[1] All items that the Defendant fraudulently purchased (or attempted to purchase) were listed on Facebook
Marketplace, which is an "an e-commerce platform that connects sellers and buyers."
https://www.facebook.com/marketplace/learn-more/; [*see* PSR ¶¶ 8, 12, 13, 14.]   The Defendant used a
fake name throughout his interactions with the Florence Victim, as well as with others.   [*Id.* ¶¶ 8-12.]

capacity.   [*Id.* ¶¶ 12, 62.]   Two days later, he again used counterfeit bills and the

Vehicle to fraudulently purchase another trailer in Warren County, Ohio.   [*Id.* ¶¶ 13, 61.]

Later that day, the Defendant yet again used counterfeit bills and the Vehicle to

defraud someone in Hamilton County, Ohio, but the seller recognized that the cash was

fake before parting with his property.   [*Id.* ¶ 14.]   The seller reported the Defendant to

police, who thereafter located the Defendant in the Vehicle with the Warren County

victim's trailer in tow and over $26,000 in counterfeit bills.[2]   [*Id.* ¶ 15.]

The grand jury returned a one-count indictment charging the Defendant with

violating 18 U.S.C. § 472 for knowingly passing counterfeit federal reserve notes to the

Florence Victim with the intent to defraud.   [R. 1:   Indictment.]   The Defendant

pleaded guilty without a plea agreement.   [PSR ¶ 4; R. 40: Minute Entry for Re-

Arraignment and Plea.]   Sentencing is set for February 21, 2024.   [R. 41: Sentencing

Order.]

## II.   Objections to the Presentence Investigation Report

There are no outstanding objections that impact the Defendant's Guidelines range.

## III.   Recommended Sentence

The Court must select a sentence that is "sufficient, but not greater than necessary,

to comply with the purposes set forth in … [18 U.S.C. § 3553(a)(2)]."   18 U.S.C.

§ 3553(a).   The Court must consider the following:   (1) the nature and circumstances of

---

[2] The Defendant pleaded guilty to state charges stemming from the Clermont and Warren County
incidents.   [*Id.* ¶¶ 61, 62.]   The Hamilton County charges remain pending.   [*Id* ¶ 68.]

the offense and the defendant's history and characteristics; (2) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed training, care, or treatment; (3) the Guidelines range; (4) pertinent policy statements issued by the Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need for restitution.  *Id.*   A sentence outside the Guidelines range is appropriate if "there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission … that should result in a sentence different from that described."  *Id.* § 3553(b)(1).

A sentence of imprisonment above the Guidelines range is appropriate due to the circumstances of this offense and this Defendant, which are bases for an upward departure under Sentencing Guidelines Section 4A1.3(a) and Policy Statement 5K2.9, as well as an upward variance pursuant to the 18 U.S.C. § 3553(a) factors.   There are no restitution requests.   [*See* PSR ¶¶ 19, 129.]   The United States does not request a fine.  [*See id.* ¶¶ 111-116.]

### A. Nature and Circumstances, Seriousness, the History and Characteristics of the Defendant, the Need to Protect the Public

The nature and circumstances of the offense are outrageous.   The Defendant repeatedly preyed on the ordinary trust that people have towards one another, and, by all

accounts, would have continued but for his arrest.   His crime spree began with the

Florence Victim, whose Vehicle he stole to facilitate further crimes.   Section 5K2.9 of

the Guidelines provides that "[i]f the defendant committed the offense in order to

facilitate … the commission of another offense, the court may increase the sentence

above the guideline range to reflect the actual seriousness of the defendant's conduct."

This case falls within this provision, which the Defendant's sentence should reflect by

either upward departure or upward variance.   [*See* PSR ¶ 134a;] *see also United States v.*

*Williams*, 807 F. App'x 505, 510 (6th Cir. 2020) (upholding above-Guidelines sentence

where the counterfeit note passing scheme was long-running and repetitive and "the

offense level of a counterfeiting conviction increases with the amount of money involved,

… not … based on the number of instances"); *cf. United States v. Lanning*, 633 F.3d 469,

476 (6th Cir. 2011) ("[The defendant's] applicable guidelines range was for the general

crimes of theft or forgery, but these broad categories do not reflect the specific activity of

repeatedly stealing …." )

The Defendant's history and characteristics also support an above-Guidelines

sentence.   He is a Criminal History Category VI, but is nevertheless in the rare category

of offender with a maximum "criminal history category [that] substantially

underrepresents the seriousness of the defendant's criminal history [and] the likelihood

that the defendant will commit other crimes."   U.S. Sentencing Guidelines

§ 4A1.3(a)(1); *see id.* § 4A1.3(a)(4) (recognizing that "the nature and extent of the

defendant's criminal history, taken together, [can be] sufficient to warrant an upward

4

departure from Criminal History Category VI").   The Defendant is a thief to the core,

with ten other theft-related convictions, and victims ranging from retailers, to family, to

every-day strangers.   [*See* PSR ¶¶ 38, 40, 41, 42, 54, 58, 59, 60, 61, 62; *see also id.* ¶¶ 67

(pending charge for fleeing police and wanton endangerment in connection with a theft),

68 (pending charge for attempted theft).]   He has a high likelihood of recidivism, with no

apparent limit on his drive to steal.   An upward departure and/or variance is warranted

for this reason too, particularly since at least four of his theft offenses are not countable.

[*Id.* ¶¶ 38, 40, 61, 62;] U.S. Sentencing Guidelines § 4A1.3(a)(2) ("Prior sentence(s) not

used in computing the criminal history category" is information relevant to an upward

departure); *see Lanning*, 633 F.3d at 475 (noting that even if "criminal history and

likelihood of reoffending did not warrant an upward departure under § 4A1.3, these very

same factors may properly be taken into account in the court's decision to impose an

upward variance"); *see also United States v. Herrera-Zuniga*, 571 F.3d 568, 589-590 (6th

Cir. 2009) (discussing § 4A1.3(a) and courts' authority to impose above-Guidelines

sentences under § 3553(a)).

### B. Deterrence, Protection of the Public, and Avoiding Unwarranted Sentencing Disparities

Deterrence and protection of the public are critical factors here.   This is the

Defendant's eleventh theft-related conviction (with two more cases pending), and he was

engaged in a theft-spree at the time of his arrest.   Prior convictions and incarceration did

not deter further criminal activity, and so a considerable period of incarceration and

5

supervised release is necessary if he is to be deterred in the future and to protect the

public from further crimes.   *See, e.g.*, *Lanning*, 633 F.3d at 474 (upholding sentence

where "[i]n addition to considering [the defendant's] prior offenses and his likelihood of

reoffending, the court based its upward variance on the need for deterrence and protection

of the public, the seriousness of [the defendant's] crime, the need to provide him with

rehabilitative treatment, and [his] lack of respect for the law"); *see also United States v.

Lee*, 974 F.3d 670, 678 (6th Cir. 2020) (discussing upward variance precedent where "the

similarity between the defendant's prior convictions and the instant offense demonstrated

a need for deterrence beyond that already captured by the guidelines").

      As regards general deterrence, passing counterfeit money is not a benign crime.

It causes loss and inconvenience to innocent parties as demonstrated here.   A significant

sentence would serve the ends of deterring similar fraud, while avoiding unwarranted

sentencing disparities among defendants with similar records who have been found guilty

of similar conduct.

### C. Just Punishment and Respect for the Law

      The Defendant confessed to his crimes, but his respect for the law stops there.   He

repeatedly passed counterfeit bills with a similar modus operandi for identifying victims,

and only stopped once he was arrested.   The recommended sentence would promote

respect for the law and provide the Defendant with just punishment.

### IV.   Conclusion

A sentence of imprisonment above the Guidelines range and three years of supervised release is sufficient, but not greater than necessary, to comply with the 3553(a) factors.   The United States submits that "a guidelines range appropriate to this case" would involve "moving incrementally down the sentencing table" to offense level 15.   U.S. Sentencing Guidelines § 4A1.3(a)(4)(B).

Respectfully submitted,

CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

By:  s/ Andrew A. Spievack
Assistant United States Attorney
207 Grandview Drive, Suite 400
Ft. Mitchell, Kentucky 41017
(859) 655-3205
FAX (859) 655-3211
Andrew.Spievack@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

On February 9, 2024, I electronically filed the foregoing using the CM/ECF system, which will automatically send a notice of electronic filing to all counsel of record.

/s/ Andrew A. Spievack

Assistant United States Attorney
