UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at COVINGTON

**CRIMINAL CASE NO. 2:22-CR-41-DCR**

UNITED STATES OF AMERICA                                              PLAINTIFF

VS.

TIMOTHY NOBLE                                                          DEFENDANT

### SENTENCING MEMORANDUM

Comes now the Defendant, **TIMOTHY NOBLE**, by and through counsel and respectfully submits this Sentencing Memorandum for the Court's consideration. Said Memorandum discusses the facts of the offense, requests a downward departure from the applicable Sentencing Guidelines range, and provides relevant information so as to assist the Court in applying the factors set forth in 18 USC §3553.

The Sentencing Guidelines are the "starting point and the initial benchmark. The Guidelines are not the only consideration, however". *Gall v. United States*, 552 U.S. 38, 49 (2007). In conjunction with the Sentencing Guidelines, the Court must consider the factors set forth in 18 USC §3553(a) "to determine whether they support the sentence requested by a party. In so doing, the Court may not presume the Guideline range is reasonable and must make an individualized assessment based on the facts presented." *Id*. at 49 – 50. The process for the Court to employ in determining a sentence for a defendant is to "properly calculate the guidelines range, treat the guidelines as advisory, consider the §3553(a) factors and adequately explain the chosen sentence. *United States v. Grossman*, 513 F.3d 592, 596 - 597 (6th Cir. 2008).

Mr. Noble requests the Court find a sentence of 27 months is warranted herein and further requests the Court grant a downward departure of 12 months resulting in a 15 month term of imprisonment to serve with credit dating back to December 15, 2023.

### I.     FACTUAL BACKGROUND

On April 17, 2022, Mr. Noble fraudulently purchased a vehicle in Boone County, Kentucky by using 41 counterfeit $100 dollar bills which were movie prop money purchased from Amazon. On May 1, 2022, Mr. Noble fraudulently purchased an enclosed trailer for $2,200.00 in Clermont County, Ohio by passing the same counterfeit dollars which were movie prop money purchased from Amazon. On May 3, 2022, Mr. Noble fraudulently purchased another trailer in Warren County, Ohio by passing the same counterfeit dollars which were movie prop money purchased from Amazon. Mr. Noble was arrested on May 3, 2022 driving the vehicle fraudulently purchased in Boone County vehicle and found therein was over 400 movie prop notes with a total value of $26,070.

### II.    UNRESOLVED OBJECTIONS

There are no unresolved objections.

### III.   A DOWNWARD DEPARTURE IS APPROPRIATE PURSUANT TO USSG §5G1.3 AND §5K2.23

Mr. Noble has been incarcerated since May 3, 2022 for offenses which are relevant conduct to the conviction for which he stands before the Court for sentencing. Mr. Noble pleaded guilty to theft and was sentenced to serve eight (8) months in Warren County Court of Common Pleas. Mr. Noble likewise pleaded guilty to theft in Clermont County Court of Common Pleas and was sentenced to serve twelve (12) months. The sentences ran concurrently and Mr. Noble was discharged from his term of imprisonment on December 14, 2023.

Pursuant to USSG §5G1.3(b) if a term of imprisonment resulted from another offense which is relevant conduct to the instant offense of conviction the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that the BOP will not credit such period of imprisonment and the sentence shall be imposed to run concurrently to the remainder of the undischarged sentence. Mr. Noble pleaded guilty to the instant offense on October 26, 2022. The theft convictions for the two trailers are both relevant conduct for which Mr. Noble served 12 months. The terms of imprisonment were discharged on December 14, 2023.

Application Note 5 of USSG §5G1.3 provides that in the case of a discharged term of imprisonment, a downward departure is not prohibited if the defendant (A) has completed serving a term of imprisonment; and (B) subsection (b) would have provided an adjustment had that completed term of imprisonment been undischarged at the time of sentencing for the instant offense. Mr. Noble has completed the service of his 12 month term of imprisonment and USSG §5G1.3 (b) would have provided an adjustment had the completed term of imprisonment been undischarged at the time of sentencing. Said adjustment would have been 12 months for the Clermont and Warren County convictions if his sentencing hearing had occurred prior December 14, 2023.

Pursuant to USSG §5K2.23 a downward departure may be appropriate if the defendant (1) has completed serving a term of imprisonment; and (2) subsection (b) of 5G1.3 would have provided an adjustment had that completed term of imprisonment been undischarged at the time of sentencing for the instant offense. Any such departure should be fashioned to achieve a reasonable punishment for the instant offense.

Mr. Noble contends he would have been entitled to receive an adjustment pursuant to USSG §5G1.3 if his term of imprisonment was undischarged. Mr. Noble's further contends that having to obtain new appointed counsel resulted in a delay causing his sentencing to be schedule out past his Ohio DOC discharge date. If Mr. Noble had been sentenced prior to December 14, 2023, the mandatory provision of USSG §5G1.3 would have resulted in an adjustment to this sentence; however, the delay was not through fault of his own, and therefore, Mr. Noble asserts USSG §5K2.23 is applicable and Mr. Noble therefore requests a downward departure of 12 months.

### IV.     DISCUSSION OF 18 USC §3553 FACTORS

In accordance with 18 USC §3553, a sentencing Court must "impose a sentence sufficient, but not greater than necessary" to comply with the purposes of sentencing set forth in §(2) of said statute. Post *Booker*, this Court has "greater latitude" to sentence outside the guideline range, and may conclude that a lower sentence would still accomplish the "needs" set forth in §(2)(A)-(D). See *United States v. Collington*, 461 F.3d 805(6th Cir. 2006). In undertaking this analysis, the Court shall consider: the nature and circumstance of the offense, the history and characteristics of the defendant; the need for the sentence imposed to: (a) reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, (b) to afford adequate deterrence to criminal conduct, (c) to protect the public from further crimes of the defendant, and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the need to avoid unwarranted sentence disparities among similar offenders; and the need to provide restitution to victims.

4

Mr. Noble used movie prop money, purchased lawfully from Amazon, to fraudulently purchase a motor vehicle worth $4,700.00. While not minimizing this offense, no one was hurt and the car was returned with no damage. There is no restitution owing to the victim. Further, Mr. Noble used movie prop money, purchased from Amazon, to fraudulently purchase two trailers, one valued at $2,100.00 and the other valued at $2,200.00. Both trailers were returned to the owners with no damage. Mr. Noble was arrested in the fraudulently purchased vehicle and therein, $26,070.00 of the same movie prop money purchased form Amazon was located in the vehicle. The value of the fraudulently purchased items totals loss totals $9,000.00. While there was an additional $26,070.00 in movie prop money found in the car, and while that movie prop money is relevant conduct, that money was not used to harm anyone or steal from anyone. The nature of the offense does not justify a sentence outside of the guidelines.

Mr. Noble has an extensive substance abuse history. Mr. Noble started drinking alcohol and smoking marijuana at 16 years old, subsequently started abusing Percocet/Xanax at age 19, and ultimately started using heroin when he was 26 years old. At the time of his arrest, M. Noble was using 1 gram of heroin as well as Percocet/Xanax on a daily basis. According to his mother, Mr. Noble is a totally different person when he is sober versus when he is abusing drugs. During his sentencing hearing in Warren County Common Pleas Court, Mr. Noble acknowledged his substance addiction and requested in patient treatment be recommended by the Court.

Mr. Noble's criminal history is adequately taken into consideration in calculating the sentencing guideline. Mr. Noble has a total of 14 criminal history points and as he is category IV. Mr. Noble's criminal history goes back to when he was 19 years old. Between the ages of 19 and 23, Mr. Noble had 3 felony convictions and 1 misdemeanor theft conviction. At age 29, Mr.

5

Noble was convicted of Aggravated Drug Possession and at age 30, Mr. Noble stole $2,533.00 worth of merchandise from Lowe's. Mr. Noble's breaking and entering conviction in 2020 occurred at a residence under construction in Warren County where no one was hurt or at risk of being harmed physically. The fact that he has nine (9) prior theft offenses, three (3) of which are misdemeanors, does not justify an upward departure as argued by the United States.

A sentence within the guideline range of 27 – 33 months offers sufficient deterrence as well as protection to the public.

Mr. Noble requests this Court, when considering all of the §3553 factors, find it appropriate to impose a sentence within the guideline range and to further grant him a 12 month departure therefrom. A sentence of 27 months with a 12 month departure is adequate punishment for this offense and provides sufficient deterrence for Mr. Noble. Further, such a sentence allows Mr. Noble time to complete programs while incarcerated which will assist him in succeeding on his term of supervised release.

### V.    CONCLUSION

Mr. Noble respectfully requests the Court sentence him to 27 months with a 12 month downward departure based upon his period of incarceration served for the relevant conduct as discussed herein, thereby resulting in a total sentence of 15 months. Mr. Noble requests a designation to Ashland and a recommendation to complete RDAP as well as mental health counseling.

Respectfully Submitted,

/s/Stefanie L. Durstock
HON. STEFANIE L. DURSTOCK
Attorney for the Defendant
2216 Dixie Highway, Suite 202
Ft. Mitchell, Kentucky 41017
859.581.3030
859.581.5444 facsimile
stefaniedurstock@gmail.com

## CERTIFICATION

I hereby certify that I electronically filed the foregoing Motion with the Clerk of Court through the CM/ECF filing system and that a copy will be tendered electronically through said system to counsel of record on the 12th day of February, 2024.

/s/Stefanie L. Durstock
HON. STEFANIE L. DURSTOCK